**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Nike, Inc., | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:23-cv-05537 |
| v. | ) |
| | ) Dist. Judge Joan B. Gottschall |
| The Partnerships and Unincorporated | ) |
| Associations Identified on Schedule A, | ) Mag. Judge Heather K. McShain |
| | ) |
| Defendants. | ) |

**Motion for Extension of Time**

**NOW COMES** LEA INTERNATIONAL GROUP LIMITED ("Defendant"), by and through its undersigned counsel, and hereby requests an extension of time to respond to the Complaint, stating as follows:

1. Plaintiff filed its Complaint on August 10, 2023. [Dkt. 1].

2. Defendant was ostensibly not served with process until September 25, 2023. [Dkt. 50].

3. Defendant has recently retained counsel and is involved in settlement negotiations with Plaintiff, including the exchange and review of Plaintiff's evidence and offers. While Defendant continues to explore settlement with Plaintiff, Defendant requires a short additional time to respond to the Complaint. Defendant submits that a short extension will not materially prejudice Plaintiff and will help avoid unnecessary substantive motion practice.

4. This Court may, for good cause, extend the time by which Defendant's responses are due "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "[U]nder Rule 6(b)(1) as interpreted by case law, the term "good cause" imposes a light burden." McCann v. Cullinan, 2015 WL 4254226, at * 10 (N.D. Ill 2015), *citing*, 1 Moore's Federal Practice § 6.06 [2] p. 632 (Matthew Bender 3d ed. 2013); *See also*, Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995), *citing*, C.K.S. Eng'rs, Inc. v. White Mountain Gypsum

Co., 726 F.2d 1202, 1205 (7th Cir. 1984) ("[I]t is the policy of [the Seventh Circuit] to favor trials on the merits over default judgments."); Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendants' motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

5. Defendant respectfully requests this Court extend the date on which Defendant is to have filed response(s) to Plaintiff's Complaint, if ultimately necessary, to November 21, 2023.

6. This motion has been filed in good faith and is not interposed for purposes of delay.

7. This is the first motion for an extension of time filed by Defendant in this case.

8. On October 30, 2023, Defendant requested whether Plaintiff would oppose Defendant's requested extension. As of the filing of this motion, Plaintiff had not yet expressed whether it does.

**WHEREFORE**, Defendant prays that the Court will enter an order:

a) extending the time for Defendant to respond to Plaintiff's Complaint, if ultimately necessary, until November 21, 2023.

Dated this October 31, 2023

    Respectfully Submitted,

    /s/Adam E. Urbanczyk
    Adam E. Urbanczyk
    AU LLC
    444 W. Lake St. 17th Floor
    Chicago, IL 60606
    (312) 715-7312
    adamu@au-llc.com
    *Counsel for Defendant*